**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEMO PARKER,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>ROBERT NISHIYAMA; PETER HOYLE; THOMAS ALLMAN; MENDOCINO COUNTY SHERIFF'S OFFICE; COUNTY OF MENDOCINO,<br><br>        Defendants - Appellees. | No. 09-17831<br><br>D.C. No. 3:08-cv-04750-CRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted April 13, 2011
San Francisco, California

Before: FERNANDEZ and RAWLINSON, Circuit Judges, and WELLS, Senior District Judge.**

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable Lesley Wells, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation.

Appellant Memo Parker (Parker) challenges the district court's dismissal of his Sixth Amendment and conspiracy claims because Parker failed to sufficiently allege that he was substantially prejudiced by an unlawful interrogation. Parker also asserts that the district court abused its discretion in denying leave to amend the complaint.

1. The district court properly dismissed Parker's Sixth Amendment claims. Parker's conclusory allegation that he "suffered prejudice or substantial detriment" failed to satisfy the requisite pleading standards. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

2. In his opposition to the motion to dismiss, Parker alleged that he was prejudiced by the unlawful interrogation because he was forced to accept a plea offer. The district court properly held that Parker's untimely allegation could not cure the complaint's defects. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citation omitted) (emphasis in the original). In any event, Parker's speculative allegation regarding

the plea offer is insufficient, as it lacks the requisite facial plausibility. *See*

*Caviness v. Horizon Comm. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

3.     Because Parker failed to sufficiently allege a Sixth Amendment violation,

the district court properly dismissed Parker's related conspiracy claim. *See San*

*Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys.*, 568

F.3d 725, 740 (9th Cir. 2009) ("[T]he absence of any actionable constitutional

violation negates by definition the existence of a conspiracy to violate

constitutional rights.") (citation omitted).

4.     The district court did not abuse its discretion in dismissing Parker's claims

without leave to amend, as "other facts consistent with the challenged pleading

could not possibly cure the deficiency." *Abagninin v. AMVAC Chem. Corp.*, 545

F.3d 733, 742 (9th Cir. 2008) (citation omitted).  Parker's counsel also informed

the district court that there was nothing to be gained by further amendments. *See*

*Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963,

972 (9th Cir. 2010) ("Here, [Parker] conceded that there were no new facts that

[he] would include in [his] complaint to overcome its shortcomings.  Under the

circumstances . . . the district court did not abuse its discretion in denying [Parker] leave to amend [his] complaint.").[1]

**AFFIRMED.**

---

[1] Parker did not challenge in his opening brief the district court's rulings in favor of Thomas Allman, Mendocino County Sheriff's Office, and the County of Mendocino. As a result, Parker has waived any challenges to those rulings. *See Cook v. AVI Casino Enter., Inc.*, 548 F.3d 718, 726 n.6 (9th Cir. 2008).